UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF
CARPENTERS PENSION FUND, CHICAGO
REGIONAL COUNCIL OF CARPENTERS
WELFARE FUND, CHICAGO AND NORTHEAST
ILLINOIS REGIONAL COUNCIL OF
CARPENTERS APPRENTICE AND TRAINING
PROGRAM and LABOR/MANAGEMENT UNION
CARPENTRY COOPERATION PROMOTION
FUND,

                     Plaintiffs,

  v.

UNITED CARPET, INC., an Illinois corporation and
GREAT NORTHERN FLOORING, INC., an Illinois
corporation,

                     Defendants.

## COMPLAINT

Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND ("PENSION FUND"), the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND ("WELFARE FUND"), the CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("TRAINEE FUND"), and the LABOR/MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND ("LABOR/MANAGEMENT FUND") (hereinafter collectively the "Trust Funds"), and their respective trustees, by their attorney, Kevin P. McJessy, complain of defendants UNITED CARPET, INC., an Illinois corporation ("UNITED CARPET") and GREAT NORTHERN FLOORING, INC., an Illinois corporation ("GN FLOORING") (UNITED CARPET and GN FLOORING are hereinafter collectively referred to as "Defendants") as follows:

**SUMMARY**

1. As more fully described herein, Trust Funds bring this action against the Defendants under ERISA because Defendants breached the provisions of the Agreement, the Trust Agreements and the Area Agreements by failing to produce records sufficient to allow Legacy Professionals, LLP ("Legacy"), the auditors engaged by the Trust Funds, to determine whether Defendants have complied with their obligations to contribute to the Trust Funds and/or by failing to pay amounts owed to the Trust Funds based upon the hours worked by employees and/or subcontractors performing work within the jurisdiction of the Union. Defendants are liable for any unpaid fringe benefit contributions, interest, liquidated damages, auditors' fees and attorneys' fees and costs.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter based on questions arising under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185).

3. Venue is proper in the Northern District of Illinois, Eastern Division because the Trust Funds are multi-employer employee benefit plans, which are located in and administered in Chicago, Illinois.

**PLAINTIFFS**

4. The Trust Funds receive contributions from numerous employers pursuant to Area Agreements between the employers and the Chicago and Northeast Illinois District Council of Carpenters, successor of the Chicago District Council of Carpenters, (hereinafter referred to as the "UNION"), and therefore, are multiemployer plans. *See* 29 U.S.C. §1002. The Trust Funds collect contributions on their own behalf and on behalf of related funds which have charged the

Trust Funds with the obligation to collect contributions.

5. The Trust Funds provide medical, pension and other benefits to UNION carpenters and other persons pursuant to certain terms and conditions.

## DEFENDANTS

6. UNITED CARPET was incorporated by Gaetano Turi on March 28, 1995. UNITED CARPET is an employer engaged in an industry affecting commerce which entered into a Memorandum of Agreement with the UNION on June 17, 1996, a copy of which is attached as Exhibit A ("June 17th Agreement"). Gaetano Turi signed the June 17th Agreement with the UNION on behalf of UNITED CARPET.

7. UNITED CARPET reaffirmed its agreement with the UNION on October 14, 2011 by signing the Memorandum of Agreement attached as Exhibit B ("October 14th Agreement"). Nicola Desario signed the October 14th Agreement on behalf of UNITED CARPET.

8. Under the Agreement, UNITED CARPET agreed, among other things to be bound (i) by the provisions of an Area Agreement and subsequent Area Agreements, (ii) by the Trust Agreements establishing the Trust Funds to which UNITED CARPET is obligated to make payments under the Area Agreement, and (iii) by the rules and regulations adopted by the Trust Funds.

9. GN FLOORING is an employer engaged in an industry affecting commerce. GN FLOORING is bound (i) by the provisions of an Area Agreement and subsequent Area Agreements, (ii) by the Trust Agreements establishing the Trust Funds, and (iii) by the rules and regulations adopted by the Trust Funds under the alter ego and/or single employer doctrines.

**GENERAL ALLEGATIONS**

10. UNITED CARPET and GN FLOORING are set up to provide a means for avoiding payment of fringe benefit contributions to the Trust Funds for employees and/or subcontractors. The business transactions, management and operations of UNITED CARPET and GN FLOORING are and have been interrelated and intermingled. As described below, UNITED CARPET and GN FLOORING are controlled, managed and operated by the same individuals.

11. UNITED CARPET and GN FLOORING share common ownership. UNITED CARPET is owned in part by Nick Desario and in part by Anita Turi. GN FLOORING is owned in part by Katerina Desario and in part by Anita Turi.

12. Nicola Desario, who is part owner of UNITED CARPET, is married to Katerina Desario, who is part owner of GN FLOORING.

13. Gaetano Turi, who incorporated UNITED CARPET, is married to Anita Turi, who is a part owner of UNITED CARPET and who is a part owner of GN FLOORING.

14. Gaetano Turi was an officer and director of UNITED CARPET through at least March 22, 2010. At the same time that Gaetano was an officer and director of UNITED CARPET, Nicola Desario was also an officer and director of UNITED CARPET.

15. Gaetano Turi is currently the Manager of GN FLOORING.

16. During 2015, 2016 and 2017, Nicola Desario was the president of UNITED CARPET and Nicola Desario is currently the president of UNITED CARPET. At the same time, Nicola Desario is an Estimator in the Commercial Estimating Department of GN FLOORING.

17. In 2015, Nicola Desario's wife, Katerina Desario, was the president of GN FLOORING and she is currently a Vice President of GN FLOORING.

4

18. Anita Turi, Gaetano Turi's wife, is currently the president of GN FLOORING.

19. UNITED CARPET and GN FLOORING have common professional service providers for their operations. For example, the registered agent for UNITED CARPET in 2010 was Donald T. Piorek. The registered agent for GN FLOORING in 2010 was Donald T. Piorek.

20. After 2010, the registered agent for UNITED CARPET was changed. In 2015, 2016, and 2017 the registered agent for UNITED CARPET was Morris G. Dyner. Morris G. Dyner is UNITED CARPET's current registered agent. Likewise after 2010, the registered agent for GN FLOORING was changed to the same registered agent as UNITED CARPET. In 2015, 2016, and 2017 the registered agent for GN FLOORING was Morris G. Dyner. Morris G. Dyner is GN FLOORING's current registered agent.

21. UNITED CARPET and GN FLOORING are involved in the same business. UNITED CARPET performs carpet installation. Likewise, GN FLOORING performs carpet installation.

22. UNITED CARPET depends on GN FLOORING for at least approximately forty percent of its business. Because Nicola Desario is the president of UNITED CARPET and the Estimator in the Commercial Estimating Department of GN FLOORING and because ANITA TURI is part owner of UNITED CARPET and GN FLOORING, the transactions between UNITED CARPET and GN FLOORING are not arms-length transactions.

23. Legacy partially audited the books and records of UNITED CARPET for the two-year period January 1, 2016 to December 31, 2018. The partial audit by Legacy revealed that UNITED CARPET did not pay the ordinary overhead and operating expenses associated with the operations of a business during the two-year audit period such as rent, insurance, utilities or office staff.

5

24. UNITED CARPET pays its workers as part-time workers. On information and belief, persons employed by UNITED CARPET work for GN FLOORING, including Nicola Desario.

25. Legacy demanded the production of the books and records of GN FLOORING as part of its audit of UNITED CARPET based on the related nature of the two companies. GN FLOORING and UNITED CARPET refused to produce the books and records of GN FLOORING. Legacy submitted its report as "No Audit No Cooperation."

26. GN FLOORING is bound to the terms of the Area Agreement as the alter ego of UNITED CARPET and/or under a single-employer or joint-employer theory. As such, Trust Funds are entitled to compliance from GN FLOORING pursuant to the terms of the Area Agreement and Trust Agreements.

27. The Agreement and the Area Agreement bind the Defendants to the provisions of the trust agreements which establish each of the Trust Funds. The trust agreements are hereinafter collectively referred to as the "Trust Agreements." The Agreement, the Area Agreement, the Trust Agreements and the rules and regulations adopted by the Trust Funds are hereinafter referred to as the "Agreements."

28. The Agreements require UNITED CARPET and GN FLOORING to pay fringe benefits to the Trust Funds.

29. The Agreements require UNITED CARPET and GN FLOORING to contribute to the Trust Funds for each hour worked by UNITED CARPET's and GN FLOORING's carpenter employees at the rate and in the manner specified in the Area Agreements and the Trust Agreements.

30. The Agreements require UNITED CARPET and GN FLOORING to contribute to the Trust Funds according to the hours worked by subcontractors performing bargaining unit work within the jurisdiction of the Union which have not signed an Area Agreement with the UNION.

31. The Agreements require UNITED CARPET and GN FLOORING to provide all records necessary for the Trust Funds to determine whether Defendants have complied with their obligation to contribute to the Trust Funds.

## **COUNT I**

32. The PENSION FUND hereby incorporates paragraphs 1 - 31 above as though fully set forth herein.

33. UNITED CARPET and GN FLOORING breached the provisions of the Agreements by failing to produce records sufficient to allow auditors engaged by the PENSION FUND to determine whether Defendants have complied with their obligations to contribute to the PENSION FUND and/or by failing to pay amounts owed to the PENSION FUND based upon the hours worked by employees and/or subcontractors.

34. The Agreements require UNITED CARPET and GN FLOORING to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the PENSION FUND incurs in the collection process.

35. The PENSION FUND has complied with all conditions precedent in bringing this suit.

36. The PENSION FUND has been required to employ the undersigned attorneys to collect the amounts that UNITED CARPET and GN FLOORING owe the PENSION FUND.

37. UNITED CARPET and GN FLOORING must pay attorneys' fees and court costs that the PENSION FUND incurs in this matter pursuant to 29 U.S.C. §1132 (g)(2)(D).

38. This Court should award the PENSION FUND, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount that is due.

39. This Court should award the PENSION FUND, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

    (a)    interest on the unpaid contributions; or

    (b)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the PENSION FUND prays for judgment in its favor which orders Defendants:

    A.    to produce books and records as required by Legacy Professionals, LLP, the auditors engaged by the Trust Funds to conduct an audit, to determine whether Defendants owe fringe benefit contributions to the Trust Funds;

    B.    to pay any and all contribution amounts the Defendants owe the PENSION FUND or which the PENSION FUND is responsible for collecting or authorized to collect under the Agreements;

    C.    to pay interest on the amount that is due;

    D.    to pay interest or liquidated damages on the amount that is due;

    E.    to pay the reasonable attorneys' fees and costs the PENSION FUND incurred in this action;

    F.    to pay auditors' fees incurred to establish the amount due; and

    G.    to award the PENSION FUND such other and further relief as the Court deems just and equitable.

## COUNT II

40. The WELFARE FUND hereby incorporates paragraphs 1- 31 above as though

fully set forth herein.

41. UNITED CARPET and GN FLOORING breached the provisions of the Agreements by failing to produce records sufficient to allow auditors engaged by the WELFARE FUND to determine whether Defendants have complied with their obligations to contribute to the WELFARE FUND and/or by failing to pay amounts owed to the WELFARE FUND based upon the hours worked by employees and/or subcontractors.

42. The Agreements require UNITED CARPET and GN FLOORING to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the WELFARE FUND incurs in the collection process.

43. The WELFARE FUND has complied with all conditions precedent in bringing this suit.

44. The WELFARE FUND has been required to employ the undersigned attorneys to collect the amounts that UNITED CARPET and GN FLOORING owe the WELFARE FUND.

45. UNITED CARPET and GN FLOORING must pay attorneys' fees and court costs that the WELFARE FUND incurs in this matter pursuant to 29 U.S.C. §1132 (g)(2)(D).

46. This Court should award the WELFARE FUND, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount that is due.

47. This Court should award the WELFARE FUND, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

   (a) interest on the unpaid contributions; or
   (b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the WELFARE FUND prays for judgment in its favor which orders Defendants:

  A.  to produce books and records as required by Legacy Professionals, LLP, the auditors engaged by the Trust Funds to conduct an audit, to determine whether Defendants owe fringe benefit contributions to the Trust Funds;

  B.  to pay any and all contribution amounts the Defendants owe the WELFARE FUND or which the WELFARE FUND is responsible for collecting or authorized to collect under the Agreements;

  C.  to pay interest on the amount that is due;

  D.  to pay interest or liquidated damages on the amount that is due;

  E.  to pay the reasonable attorneys' fees and costs the WELFARE FUND incurred in this action;

  F.  to pay auditors' fees incurred to establish the amount due; and

  G.  to award the WELFARE FUND such other and further relief as the Court deems just and equitable.

## COUNT III

48.  The TRAINEE FUND hereby incorporates paragraphs 1- 31 above as though fully set forth herein.

49.  UNITED CARPET and GN FLOORING breached the provisions of the Agreements by failing to produce records sufficient to allow auditors engaged by the TRAINEE FUND to determine whether Defendants have complied with their obligations to contribute to the TRAINEE FUND and/or by failing to pay amounts owed to the TRAINEE FUND based upon the hours worked by employees and/or subcontractors.

50.  The Agreements require UNITED CARPET and GN FLOORING to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the TRAINEE FUND incurs in the collection process.

51.  The TRAINEE FUND has complied with all conditions precedent in bringing this suit.

10

52. The TRAINEE FUND has been required to employ the undersigned attorneys to collect the amounts that UNITED CARPET and GN FLOORING owe the TRAINEE FUND.

53. UNITED CARPET and GN FLOORING must pay attorneys' fees and court costs that the TRAINEE FUND incurs in this matter pursuant to 29 U.S.C. §1132 (g)(2)(D).

54. This Court should award the TRAINEE FUND, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount that is due.

55. This Court should award the TRAINEE FUND, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

 (a) interest on the unpaid contributions; or

 (b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the TRAINEE FUND prays for judgment in its favor which orders Defendants:

 A. to produce books and records as required by Legacy Professionals, LLP, the auditors engaged by the Trust Funds to conduct an audit, to determine whether Defendants owe fringe benefit contributions to the Trust Funds;

 B. to pay any and all contribution amounts the Defendants owe the TRAINEE FUND or which the TRAINEE FUND is responsible for collecting or authorized to collect under the Agreements;

 C. to pay interest on the amount that is due;

 D. to pay interest or liquidated damages on the amount that is due;

 E. to pay the reasonable attorneys' fees and costs the TRAINEE FUND incurred in this action; and

 F. to pay auditors' fees incurred to establish the amount due; and

 G. to award the TRAINEE FUND such other and further relief as the Court deems just and equitable.

11

## COUNT IV

56. The LABOR/MANAGEMENT FUND hereby incorporates paragraphs 1 - 31 above as though fully set forth herein.

57. UNITED CARPET and GN FLOORING breached the provisions of the Agreements by failing to produce records sufficient to allow auditors engaged by the LABOR/MANAGEMENT FUND to determine whether Defendants have complied with their obligations to contribute to the LABOR/MANAGEMENT FUND and/or by failing to pay amounts owed to the LABOR/MANAGEMENT FUND based upon the hours worked by employees and/or subcontractors.

58. The Agreements require UNITED CARPET and GN FLOORING to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the LABOR/MANAGEMENT FUND incurs in the collection process.

59. The LABOR/MANAGEMENT FUND has complied with all conditions precedent in bringing this suit.

60. The LABOR/MANAGEMENT FUND has been required to employ the undersigned attorneys to collect the amounts that UNITED CARPET and GN FLOORING owe the LABOR/MANAGEMENT FUND.

61. UNITED CARPET and GN FLOORING must pay attorneys' fees and court costs that the LABOR/MANAGEMENT FUND incurs in this matter pursuant to 29 U.S.C. §1132(g)(2)(D).

62. This Court should award the LABOR/MANAGEMENT FUND, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount that is due.

63. This Court should award the LABOR/MANAGEMENT FUND, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a) interest on the unpaid contributions; or

(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the LABOR/MANAGEMENT FUND prays for judgment in its favor which orders Defendants:

A. to produce books and records as required by Legacy Professionals, LLP, the auditors engaged by the Trust Funds to conduct an audit, to determine whether Defendants owe fringe benefit contributions to the Trust Funds;

B. to pay any and all contribution amounts the Defendants owe the LABOR/MANAGEMENT FUND or which the LABOR/MANAGEMENT FUND is responsible for collecting or authorized to collect under the Agreements;

C. to pay interest on the amount that is due;

D. to pay interest or liquidated damages on the amount that is due;

E. to pay the reasonable attorneys' fees and costs the LABOR/MANAGEMENT FUND incurred in this action; and

F. to pay auditors' fees incurred to establish the amount due; and

G. to award the LABOR/MANAGEMENT FUND such other and further relief as the Court deems just and equitable.

CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al.

By: __s/ Kevin P. McJessy_____
      One of Their Attorneys

Kevin P. McJessy
MCJESSY, CHING & THOMPSON, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260 (telephone)
(773) 880-1265 (facsimile)
mcjessy@MCandT.com

# Exhibit A

# MEMORANDUM OF AGREEMENT

Firm __United Carpet, Inc.__   Address __2144 Aberdeen Ct.__

City __Hanover Park__   State __IL__   Zip __60103__   Phone __(708) 736-9675__

    THIS AGREEMENT is entered into between the CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, COOK, DUPAGE, GRUNDY, IROQUOIS, KANE, KANKAKEE, KENDALL, LAKE, MCHENRY and WILL COUNTIES, ILLINOIS, hereinafter referred to as the "UNION' and

United Carpet, Inc.

its successors and assigns, hereinafter referred to as the "EMPLOYER".

    This Agreement is made in consideration of the instant promises of the UNION and the EMPLOYER and the parties do hereby agree as follows:

    1.    The EMPLOYER recognizes the UNION as the sole and exclusive bargaining agent for and on behalf of the Employees of the EMPLOYER within the territorial and occupational jurisdiction of the UNION. Prior to recognition, the EMPLOYER has reviewed valid evidence and agrees that the UNION is the exclusive designated Bargaining Representative of a majority of the appropriate bargaining unit employees of the EMPLOYER.

    2.    The EMPLOYER and the UNION, hereby incorporate by reference and agree to be bound by the Area Agreements in effect on the date this document is executed through their respective expiration dates. Those Agreements include, but are not limited to, the following:

the Area Agreement negotiated between the UNION and the Mid-America Regional Bargaining Association (M.A.R.B.A.), the Addendum negotiated between the UNION and the Residential Construction Employers Council (R.C.E.C.) covering Cook, Lake and DuPage Counties, the Agreement negotiated between the Union and the Contractors Association of Will and Grundy Counties covering Grundy County, the Agreement negotiated between the Union and the Contractors Association of Will and Grundy Counties covering Will County, the Agreement negotiated between the Union and the Residential Construction Employers Council (R.C.E.C.) covering Will County, the contract negotiated between the UNION and the Kankakee and Iroquois County Contractors Association, the Agreement negotiated between the UNION and the Fox Valley Contractors Association, and the Residential Construction Employers Council (R.C.E.C.) covering Kane, Kendall and McHenry County, as well as any contracts

negotiated between the UNION and other associations involved in various subtrades within the Union's occupational jurisdiction.

3. The EMPLOYER agrees to be bound by the terms of the Trust Agreements of the Fringe Benefit Trust Funds to which contributions are required to be made under the Agreements referred to in numbered paragraph 2 hereof and all rules and regulations adopted by the Trustees thereof. The EMPLOYER further agrees to make prompt payments of the per hour contributions with respect to each Trust Fund for all Employees performing bargaining unit work and/or covered by the Agreement including nonbonded and nonsignatory subcontractors as required by the applicable provisions of each agreement.

4. This Agreement and the adoption of the Area Agreement and Declarations of Trust referred to in paragraphs two and three above, shall be effective upon the date that this document is executed and remain in full force and effect to and including the expiration date of the respective Area Agreements adopted herein. Unless the EMPLOYER gives written notice to the UNION of its desire to terminate or modify the Agreement at least three (3) calendar months prior to the expiration of such Agreements, the Agreement shall continue in full force and effect through the full term and duration of all subsequent agreements(s).

5. The EMPLOYER acknowledges receipt of copies of the mentioned Area Agreements incorporated by reference.

IN WITNESS WHEREOF the parties have executed this Memorandum of Agreement the ___17___ day of ___June___, 19 _96_

EMPLOYER: United Carpet, Inc.            CHICAGO AND NORTHEAST ILLINOIS
                                          DISTRICT COUNCIL OF CARPENTERS

By: Gaetano Turi            Secretary
    (Print or Type Name)    (Title)

_____     _____
(Signature)                 (District Council Officer)

2

# Exhibit B

21186

# *Memorandum of Agreement*

| | | | |
|---|---|---|---|
| **Employer** _United Carpet, Inc._ | | **Address** _P.O. Box 8695_ | |
| **City** _Rolling Meadows_ | **State** _IL_ | **Zip** _60008_ **Phone** _847-368-8043_ | |

THIS AGREEMENT is entered into between the Chicago Regional Council of Carpenters ("Union") and the Employer, including its successors and assigns covering the geographic jurisdiction of the Union including the following counties in Illinois: Boone, Bureau, Carroll, Cook, DeKalb, DuPage, Grundy, Henderson, Henry, Iroquois, Jo Daviess, Kane, Kankakee, Kendall, Lake, La Salle, Lee, Marshall, McHenry, Mercer, Ogle, Putnam, Rock Island, Stark, Stephenson, Whiteside, Will, Winnebago. The following counties in Iowa: Allamakee, Appanoose, Benton, Black Hawk, Bremer, Buchanan, Butler, Cedar, Cerro Gordo, Chickasaw, Clayton, Clinton, Davis, Delaware, Des Moines, Dubuque, Fayette, Floyd, Franklin, Grundy, Hancock, Henry, Howard, Iowa, Jackson, Jefferson, Johnson, Jones, Keokuk, Kossuth, Lee, Linn, Louisa, Mahaska, Mitchell, Monroe, Muscatine, Scott, Tama, Van Buren, Wapello, Washington, Wayne, Winnebago, Winneshiek, Worth, Wright. The following counties in Wisconsin: Kenosha, Milwaukee, Ozaukee, Racine, Washington and Waukesha. The Union and the Employer do hereby agree to the following:

1. The Employer recognizes the Union as the sole and exclusive bargaining representative on behalf of its employees who are working within the territorial and occupational jurisdiction of the Union.

2. The Employer has reviewed sufficient evidence and is satisfied that the Union is the exclusive bargaining representative of a majority of its employees presently working within the territorial and occupational jurisdiction of the Union.

3. The Employer and the Union agree to incorporate into this Memorandum Agreement and to be bound by the Agreements negotiated between the Chicago Regional Council of Carpenters and various employers and employer associations, including all Area Agreements for the period beginning with the execution of this Memorandum Agreement and ending on the expiration dates of any current and successor Agreements which are incorporated herein (see attached list). Unless the Employer provides written notice by certified mail to the Chicago Regional Council of its desire to terminate or modify the Agreement at least three (3) calendar months prior to the expiration of such Agreements, the Agreement shall continue in full force and effect through the full term and duration of all subsequent Agreements which are incorporated by reference.

4. The Employer agrees to be bound to the terms of the various Trust Agreements to which contributions are required to be made under the Agreements incorporated in Paragraph 3, including all rules and regulations adopted by the Trustees of each Fund.

In Witness Whereof the parties have executed this Memorandum of Agreement on this __14th__ day of __October__, 2011.

**EMPLOYER**

_[signature]_
_PRES  NICK DESARIO_
Print Name and Title

**CHICAGO REGIONAL COUNCIL OF CARPENTERS**

_[signature]_
Authorized Regional Council Representative

Agreements

(Central Region)

Mid American Regional Bargaining Association, Cook, Lake and DuPage
Mid American Regional Bargaining Association, Kane, Kendall and McHenry
Mid American Regional Bargaining Association, Will
Kankakee Contractors Association
Residential Construction Employers' Council, Cook, Lake and DuPage
Residential Construction Employers' Council, Will
Residential Construction Employers' Council, Grundy
Woodworkers Association of Chicago (Mill-Cabinet)
Contractors Association of Will and Grundy Counties
Gypsum Drywall Contractors of Northern Illinois/Chicagoland Association of Wall and Ceiling Contractors

(Western Region)

Illinois

Quad City Builders Association, Commercial, Rock Island Mercer, Henry and Henderson
Floor Covering, Rock Island, Mercer, Henry and Henderson
Illinois Valley Contractors' Association, Bureau, LaSalle, Marshall, Putnam and Stark
Window and Door, Boone, Bureau, Carroll, DeKalb, Henderson, Henry, Jo Daviess, LaSalle, Marshall, Mercer, Ogle, Putnam, Rock Island, Stark, Stephenson, Whiteside and Winnebago
Commercial/Residential, DeKalb, Eastern Ogle and cities in Sandwhich and Somonauk
Residential Construction Employers' Council, DeKalb, Eastern Ogle and cities in Sandwich and Somonauk
Residential Construction Employers' Council, Boone, Carroll, Jo Daviess, Lee, Ogle, Stephenson, Whiteside and Winnebago
Northern Illinois Building Contractors Association Inc., Boone, Carroll, Jo Davies, Lee, Ogle, Stephenson, Whiteside and Winnebago
Floor Covering, Boone, Carroll, DeKalb, Jo Daviess, Lee, Lee, Ogle, Stephenson, Whiteside and Winnebago
Millwright, Boone, Bureau, Carroll, DeKalb, Henderson, Jo Daviss, LaSalle, Lee, Marshall, Mercer, Ogle, Putnam, Rock Island, Stark, Stephenson, Whiteside, and Winnebago
Associated General Contractors of Illinois (Heavy and Highway) Highway Districts 2-7 and portions of 1 and 8

Iowa

Commercial, Muscatine, Scott, Louisa north of Iowa River
Floorcovering, Lousia north of Iowa River, Muscatine and Scott
Residential, Clinton, Louisa, Muscatine, Scott and Seven southern most townships of Jackson County including Monmouth, South Fork, Maquoketa, Fairfield, Van Buren, Iowa and Union
Heavy and Highway Associated Contractors Agreement Scott County
Herberger Construction Heavy and Highway
Heavy and Highway Contractors' Association- entire State except Scott County
Commercial Benton, Jones, Linn and Tama
Residential Benton, Jones, Linn and Tama
Commercial, Des Moines, Henry, Lee and Louisa south of Iowa River
Residential, Des Moines, Henry, Lee and Louisa south of Iowa River

Commercial/Residential Dubuque, Delaware, Clayton, and Six Northern Townships in Jackson
Commercial/Residential, Appanoosa, Davis, Jefferson, Keokuk, Mahaska, Monroe, Van Buren, Wapello, and Wayne
Commercial, Clinton, Seven Southern most townships of Jackson including Monmouth, South Fork, Maquoketa, Fairfield, Van Buren, Iowa, and Union
Floor Covering, Dubuque, Deleware, Clayton, and six Northern Townships in Jackson Window and Door, State
Commercial, Ceder, Iowa, Johnson, Poweshiek and Washington
Commercial Interior Systems, Ceder, Iowa, Johnson, Poweshiek and Washington
Residential, Ceder, Iowa, Johnson, Poweshiek and Washington
Commercial, Cerro Gordo, Franklin, Hancock, Kossuth, Winnebago, Worth and Wright, Buchanan,
Independent Contractors of Waterloo (Commercial) Butler, Chicksaw, Fayette, Floyd, Grundy, Howard, Mitchell, Winneshiek
Millwright, Adair, Allmakee, Appanoosa, Benton, Black Hawk, Boone, Bremer, Buchanan, Butler, Cedar, Calhoun, Carroll, Cerro Gordo, Chicksaw, Clayton, Clarke, Clinton, Dallas, Davis, Decatur, Deleware, Des Moines, Dubuque, Emmet, Fayette, Floyd, Franklin, Greene, Grundy, Guthrie, Hamilton, Hancock, Hardin, Henry, Howard, Humboldt, Iowa, Jackson, Jasper, Jefferson, Johnson, Jones, Keokuk, Lee, Linn, Lucas, Louisa, Madison, Mahaska, Marion, Marshall, Mitchell, Monroe, Muscatine, Palo Alto, Pocahontas, Polk, Poweshiek, Ringhold, Scott, Story, Tama, Union, Van Buren, Warren, Wapello, Washington, Wayne, Webster, Winnebego, Winneshiek, Worth, Wright

( Northern Region)



Commercial Carpenters and Floor Coverers' Agreement (State of Wisconsin)
Commercial Capenters Agreement, Kenosha/Racine
Millwright Erectors' Agreement
Pile Drivers' Agreement
Insulators Agreement
Overhead Door Agreement

The Employers Acknowledges receipt of a current copy of each agreement under which the company will be performing work. Each of the agreements are available upon request

It is also understood and agreed that it is the Employers obligation to make a written request of additional Collective Bargaining Agreement(s) in the event that the Company performs work in areas for which it has not already obtained a copy of the applicable Agreement.

_____
Employer

_____
Date